IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JUANITA NICHOLS**                                                                         **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO.: 3:17-cv-42-CWR-FKB**

**RELIANCE STANDARD LIFE INSURANCE COMPANY**        **DEFENDANT**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY FEES**

      COMES NOW Plaintiff and moves this Court for attorney fees. In support of this Motion, Plaintiffs would show unto the Court the following:

      1. On June 29, 2018, this Court entered an Order in Plaintiff's favor granting long term disability benefits. [Doc. 25]. In that same order the Court granted Plaintiff's request for attorney fees and instructed to Plaintiff's counsel to submit a motion for attorney fees. *Id.* at p. 35.

      2. The court has discretion to allow reasonable attorney's fees and costs of action to either party. *Schexnayder v. Hartford Life & Accident Ins. Co.*, 600 F.3d 465, 471 (5th Cir. 2010). The Court has already found that attorney fees should be awarded so Plaintiff will simply refer back to the Court's Opinion for that analysis. [Doc. 25 at p. 35].

      3. Generally, courts utilize a two-step "lodestar" formula to compute reasonable attorneys' fees. *City of Burlington v. Dague,* 505 U.S. 557 (1992); *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The court established a lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* The

lodestar amount establishes a presumptively reasonable fee. *Hahnemann Univ. Hosp. v. All Shore, Inc.,* 514 F.3d 300, 310 (3rd Cir. 2008).

   4. However, courts may adjust the lodestar amount upward or downward based on certain factors, including

      a. The time and labor required;

      b. The novelty and difficulty of the questions involved;

      c. The requisite skill to perform the legal service properly;

      d. The preclusion of the other employment by the attorney because of acceptance of the case;

      e. The customary fee;

      f. Whether the fee is fixed or contingent;

      g. The time limitations imposed by the client or the circumstances;

      h. The amount involved and the results obtained;

      i. The experience, reputation, and ability of the attorneys;

      j. The "undesirability of the case;

      k. The nature and length of the professional relationship with the client; and

      l. Awards in similar case.

*Wegner v. Standard Ins. Co.,* 129 F.3d 814, 822 (5th Cir. 1997).

   5. In the current case, Plaintiff's counsel have spent a total of 56.1 hours pursuing Plaintiff's claim for long term disability benefits. *See* Attorney Fees, attached as Exhibit "A." This case is a single plaintiff ERISA long term disability case that was not complex like a Rule 23 class action ERISA case, but does require more skill than a

general practitioner would normally possess because of the complexity of ERISA compared to a state law bad faith insurance claim.

6. However, since ERISA prohibits discovery in most cases, this case did not require Plaintiff's counsel to not accept other cases by agreeing to pursue this case.

7. Plaintiff's counsel is not aware of a "customary fee" for this type of case and agreed to handle this case on a contingency fee arrangement.

8. There were no significant time limitations imposed by the client or the circumstances of the case.

9. Plaintiff's income for 2015 was $50,965.15. *See* 2015 w-2, attached as Exhibit "D." Under the policy Plaintiff would have received sixty (60%) of her annual income in monthly payments until July 2022, which is when she would reach the age of sixty-five (65). As such, she will receive a total amount of $183,474.54 (not including prejudgment interest) by July 2022 because of this case.

10. This Court has found Plaintiff's counsel to be experienced and reputable employment attorneys on numerous occasions. *Schaeffer v. Warren County,* 2017 U.S. Dist. LEXIS 194072 *25-27 (S.D. Miss. November 27, 2017).

11. This case was not particularly undesirable other than being an ERISA case, which are notoriously difficult cases to be successful on.

12. The length of professional relationship was normal, and Plaintiff's counsel has not represented Plaintiff in any other cases.

13. Based on these factors Plaintiff's counsel contend that their request for attorney fees of $19,017.50 is reasonable.

14. Finally, Plaintiff also request that the Court award $450 for costs

in the case. $400 is for filing fees and $50 for service of summon expenses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court grant Plaintiff's motion for attorney fees.

THIS the 13th day of July, 2018.

                              Respectfully submitted,

                              By:   s/ Nick Norris
                                    NICK NORRIS (MB#101574)
                                    Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive
Suite G
Jackson, MS 39216
Telephone:   (601) 968-0000
Facsimile:   (601) 968-0010
nick@watsonnorris.com

## **CERTIFICATE OF SERVICE**

   I, NICK NORRIS, one of the attorneys for Plaintiff, do hereby certify that I have this day served via electronic filing or by United States mail, postage fully prepaid, a true and correct copy of the above and foregoing to all counsel of record.

This the 13th day of July, 2018.

                                    s/ Nick Norris
                                    NICK NORRIS